UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES KEVIN CAMPBELL,

    Plaintiff,

v.                                  CAUSE NO. 3:20-CV-546-DRL-MGG

MATT HASSELL, *et al.*,

    Defendants.

## OPINION & ORDER

James Kevin Campbell, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Mr. Campbell alleges that, when he arrived at the Marshall County Jail in October 2018, he did not receive a bottom bunk assignment to accommodate his hip injury, which in turn caused him to tear his rotator cuff. He received pain medication for this injury, but it has been discontinued since March 2020. On April 29, he went to a hospital for kidney stones and was instructed to return if he did not pass them in five to seven days. As of June 21, he has not returned to the hospital despite not passing the kidney stones. He has also been subjected to overcrowded and unsanitary cell conditions. For his claims, he seeks money damages.

Mr. Campbell asserts claims against Sheriff Hassel, Jailer Holcomb, and Dr. Tchaptchet. Because he is a pretrial detainee, the court must assess his claims under the Fourteenth Amendment instead of the Eighth Amendment. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Id.* "It is well established that there is no *respondeat superior* liability under § 1983." *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). While Mr. Campbell may be able to state valid Fourteenth Amendment claims, he does not describe how the defendants were personally involved. Therefore, he may not proceed against on this complaint.

Nevertheless, the court will give Mr. Campbell the opportunity to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he should use the court's approved form and must put the case number of this case on it, which is on the first page of this order. Additionally, he should file an amended complaint only if he believes he can address the deficiencies set forth in this order.

For these reasons, the court:

(1) GRANTS James Kevin Campbell until <u>August 3, 2020</u> to file an amended complaint; and

(2) CAUTIONS James Kevin Campbell that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED.

July 6, 2020                                             *s/ Damon R. Leichty*
                                                         Judge, United States District Court