UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES KEVIN CAMPBELL,

        Plaintiff,

  v.                                                              CAUSE NO. 3:20-CV-546-DRL-MGG

MATT HASSELL *et al.*,

        Defendants.

OPINION & ORDER

James Kevin Campbell, a prisoner without a lawyer, filed an amended complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. "[T]o state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the initial complaint, Mr. Campbell expressed concerns regarding various medical issues and his conditions of confinement at the Marshall County Jail. ECF 1. In a screening order, the court found that the complaint did not state a valid claim because Mr. Campbell did not describe the defendants' personal involvement. ECF 4. In the

amended complaint, Mr. Campbell addresses the court's prior concern and describes the defendants' personal involvement as follows:

- In October 2018, he requested medical care for the flu and a hip injury, but Dr. Tchaptchet ignored his requests.

- In November 2018, Dr. Tchaptchet approved the placement an inmate with staph infection in his cell.

- In March 2020, Dr. Tchaptchet removed him from pain medication and neglected to schedule a surgical procedure for his torn rotator cuff.

- In April 2020, he was diagnosed with kidney stones, and Dr. Tchaptchet has since refused to treat them.

- From February 2019 to November 2019, Sheriff Hassel and Jailer Holcomb housed him in unsanitary and overcrowded conditions.

"Unrelated claims against different defendants belong in different suits[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

> A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions. To be precise: a plaintiff may put in one complaint every claim of any kind against a single defendant, per Rule 18(a), but a complaint may present claim # 1 against Defendant A, and claim # 2 against Defendant B, only if both claims arise "out of the same transaction, occurrence, or series of transactions or occurrences."

*Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). These incidents, as described in the complaint, don't comprise a single transaction or occurrence nor do they comprise a series of interrelated transactions or occurrences. *See In re EMC Corp.*, 677 F.3d 1351, 1356 (Fed. Cir. 2012) (stating that the operative test is "whether there is substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant"); *Malibu Media, LLC v. John Does 1-6*, 291 F.R.D. 191, 201 (N.D. Ill. 2013) (same).

Though these incidents may have occurred at the same jail, they involve different members of correctional and medical staff engaging in several types of conduct at various times throughout the course of two years. Therefore, Mr. Campbell's claims are unrelated, and he cannot litigate them all in a single lawsuit.

When a *pro se* plaintiff files a lawsuit with unrelated claims, this court's practice is to allow him to decide which claim (or group of related claims) to pursue in the instant case and to allow him to decide whether to bring the remaining claims in separate lawsuits. This is the fairest solution to the plaintiff because "the plaintiff as master of the complaint may present (or abjure) any claim he likes." *Katz v. Gerardi*, 552 F.3d 558, 563 (7th Cir. 2009).

For these reasons, the court:

(1) GRANTS James Kevin Campbell until October 12, 2020 to file an amended complaint; and

(2) CAUTIONS James Kevin Campbell that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED.

September 14, 2020                    *s/ Damon R. Leichty*
                                      Judge, United States District Court