UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES KEVIN CAMPBELL,<br><br>Plaintiff,<br><br>v.<br><br>MATT HASSELL *et al.*,<br><br>Defendants. | CAUSE NO. 3:20-CV-546-DRL-MGG |

OPINION & ORDER

James Kevin Campbell, a prisoner without a lawyer, filed an amended complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. To state a 42 U.S.C. § 1983 claim, a plaintiff must allege that (1) the defendants deprived him of a federal constitutional right, and (2) they acted under color of state law. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the amended complaint, Mr. Campbell alleges that, from February 2019 to November 2019, Sheriff Hassel and Jailer Holcomb subjected him to overcrowded and unsanitary conditions at the Marshall County Jail. During this time, they forced him to stay in a cell with an overflowing toilet during a quarantine to contain a scabies infestation at the jail. Because Mr. Campbell is a pretrial detainee, the court must assess

his claims under the Fourteenth Amendment instead of the Eighth Amendment. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017).

"[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Id.* "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* A pretrial detainee can "prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Giving him the favorable inferences to which he is entitled at this stage of the proceedings, Mr. Campbell states a plausible Fourteenth Amendment claim against Sheriff Hassel and Jailer Holcomb.

Mr. Campbell also filed a motion for leave to proceed *in forma pauperis*. The court has already granted him leave to proceed *in forma pauperis*, this motion is denied as unnecessary.

For these reasons, the court:

(1) DENIES as UNNECESSARY the motion for leave to proceed *in forma pauperis* (ECF 9);

(2) GRANTS James Kevin Campbell leave to proceed on a Fourteenth Amendment claim against Sheriff Hassel and Jailer Holcomb for money damages for subjecting him to overcrowded and unsanitary conditions from February 2019 to November 2019;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sheriff Hassel and Jailer Holcomb at the Marshall County Jail with a copy of this order and the amended complaint (ECF 8) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sheriff Hassel and Jailer Holcomb to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which James Kevin Campbell has been granted leave to proceed in this screening order.

SO ORDERED.

November 12, 2020                             *s/ Damon R. Leichty*
                                                        Judge, United States District Court